UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSCOE MARTIN,

    Petitioner,

v.

WILLIE O. SMITH,

    Respondent.

_____/

Case No. 1:17-cv-582

HON. JANET T. NEFF

# OPINION AND ORDER

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court conditionally grant in part the habeas petition as to the *Alleyne*[1] sentencing claim but deny the remaining claims (ECF No. 24 at PageID.1635). The Magistrate Judge further recommended that, if the State fails to re-sentence Petitioner within 120 days of the Court's order, Petitioner may seek an unconditional writ vacating his extortion conviction (*id.*).

The matter is presently before the Court on Respondent's Objections to the Report and Recommendation (ECF No. 25). Petitioner has not filed a response to the Objections or filed objections on his own behalf. However, Petitioner has continued to file other motions or requests for relief following the Report and Recommendation and Respondent's Objections, including: (1) Motion to Vacate Conviction and Sentence/and Unconditional Writ Motion Vacating Conviction (ECF No. 28); (2) Notice of Appeal (ECF No. 29), docketed as an appeal of the Magistrate Judge's

---

[1] *Alleyne v. United States*, 570 U.S. 99 (2013).

Order denying Petitioner's motion for reconsideration of the Report and Recommendation; and (3) Unconditional Writ of Habeas Corpus Unconditional Writ Vacating Conviction (ECF No. 30).

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court grants Respondent's objections to the extent the Court determines that a stay of the recommended remand to the state court for resentencing is appropriate pending the Sixth Circuit's decision on this issue in the cases cited by Respondent.  The Court otherwise denies the objections, denies Petitioner's additional motions or requests for relief, and issues this Opinion and Order.

## I. Objections

Respondent objects to the Magistrate Judge's recommendation to conditionally grant the habeas petition as to Petitioner's Sixth Amendment sentencing claim and "'order the State to conduct a sentencing as required by the Sixth Circuit'[s] decision in [*Robinson v. Woods*, 901 F.3d 710 (6th Cir. 2018)]'" (Obj., ECF No. 25 at PageID.1637, quoting R&R, ECF No. 24 at PageID.1628).  Respondent asserts that "[t]here was no Sixth Amendment violation in this case, as the Michigan Supreme Court reasonably held, because the jury's verdict supported the 25-point score for Offense Variable 19" (*id.* at PageID.1639).  Respondent states that "[w]hile it is true that threatening the security of a penal institution is not an element of extortion in the abstract, it was an inextricable element in this case due to the nature of the extortion of a *corrections officer while Martin was incarcerated*.  That is, the crime *itself* interfered with the administration of justice by threatening the security of a penal institution vis-à-vis blackmailing an officer of the institution" (*id.* at PageID.1640; emphasis in original).

Respondent argues that the Michigan Supreme Court's rejection of Petitioner's Sixth Amendment claim on the merits entitles that decision to deference under AEDPA.[2] The court was not persuaded that Petitioner established a "threshold showing of plain error under [*People v. Lockridge*, 870 N.W.2d 502, 522 (Mich. 2015)]": "(1) that his guidelines minimum-sentence range was actually constrained by the violation of the Sixth Amendment, i.e., that judge-found facts were used to score the guidelines, and (2) that his sentence was not subject to an upward departure" (*id.* at PageID.1643; citation omitted). "[Petitioner's] guidelines were 78 to 162 months and he was sentenced to 84 months. That leaves only one conclusion: the Michigan Supreme Court determined that judge-found facts were *not* used to score OV 19 and, thus, there was no Sixth Amendment violation" (*id.* at PageID.1643-1644; emphasis in original).

As to the *Alleyne/Robinson* violation, the central issue is whether threatening the security of a penal institution requires an independent showing and determination by a jury, aside from the jury verdict on the underlying extortion offense, to support scoring OV 19 at 25 points (*id.* at PageID.1640). First, Respondent acknowledges that he did not explicitly raise this issue and argument before the Magistrate Judge because at the time the answer was filed "there was no binding federal precedent applying *Alleyne* to Michigan's sentencing scheme and, thus, the present argument was inapplicable" (*id.* at PageID.1639 n.1). However, the cases cited in furtherance of Respondent's argument predate the holding of *Robinson* (August 24, 2018) and certainly the Report and Recommendation (August 14, 2020) (*see id.* at PageID.1641-1642).[3] Therefore, to the extent Respondent advances new arguments not raised before the Magistrate Judge, such

---

[2] Antiterrorism and Effective Death Penalty Act.
[3] *See e.g. People v. Barbee*, 681 N.W.2d 348, 351 (Mich. 2004); *People v. Carpenter*, 912 N.W.2d 579, 583 (Mich. 2018); *People v. Lustig*, No. 272994, 2008 WL 997665, at *1 (Mich. Ct. App. Apr. 10, 2008).

arguments are improper at this stage of the proceedings, and the Court declines to entertain them in objection to the Report and Recommendation. *See Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 n.2 (6th Cir. 2010) (stating that while the Sixth Circuit has not squarely addressed whether a party may raise new arguments before a district judge that were not presented to the magistrate judge, the Sixth Circuit has indicated that a party's failure to raise an argument before the magistrate judge constitutes a waiver) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).

Second, while Respondent cites various case law, no case aligns closely with the circumstances presented in this case to support Respondent's conclusion. Therefore, to the extent the argument is not waived, the Court is not persuaded that the authority cited by Respondents warrants the proposed outcome to deny habeas relief as to Petitioner's sentencing claim under *Alleyne/Robinson*. This objection is denied.

Alternatively, Respondent objects that if the Court grants the writ, the proper remedy for *Alleyne/Robinson* sentencing violations in Michigan is a "*Crosby* remand," not a full resentencing. "[A] '*Crosby* remand,' gives the trial court an opportunity to determine whether it would have imposed a materially different sentence if the guidelines had been only advisory at the time it sentenced the defendant" (*id*. at PageID.1648, citing *Lockridge*, 870 N.W.2d at 523). If the trial court answers in the affirmative, only then is the defendant entitled to a full resentencing; otherwise, the original sentence stands (*id*. at PageID.1648-1649).

Respondent notes the changes in the law since *Alleyne* was decided, which has led to questions concerning the proper remedy for such sentencing violations (*id*. at PageID.1645-1650). Further, although the Sixth Circuit has denied habeas relief where the use of a *Crosby* remand for an *Alleyne* violation was at issue, because no clearly established federal law prohibited the

sentencing court's procedure, *Reign v. Gidley*, 929 F.3d 777, 783 (6th Cir. 2019), the very issue of the proper remedy for an *Alleyne* violation is currently pending before the Sixth Circuit in four Eastern District of Michigan cases on appeal: *Morrell v. Burton*, No. 20-1238 (6th Cir. 2020); *Thompson v. Winn*, No. 20-1448 (6th Cir. 2020); *Edmonds v. Rewerts*, No. 19-1207 (6th Cir. 2019); and *Kennedy v. Jackson*, No. 20-1752 (2020) (Obj., ECF No. 25 at PageID.1645, 1652).[4] Respondent suggests that it may be wise for the Court to stay its decision concerning remand until the Sixth Circuit decides the issue of the proper remedy, since the two remedies—a full resentencing versus a *Crosby* remand—"entail vastly different procedures" (*id.* at PageID.1653).

The Court agrees that this case should be stayed pending the Sixth Court's decision on the proper remedy for an *Alleyne* violation. Therefore, Respondent's objections are granted to the extent the Court will stay the remand to the state court for resentencing pending the outcome of the cited cases on appeal.[5] Respondent's objections are otherwise denied.

## II. Petitioner's Motions or Other Requests for Relief

As noted, Petitioner has filed three additional motions or requests for relief subsequent to the Magistrate Judge's Report and Recommendation and Respondent's Objections. Although the basis for these filings is difficult to discern, it appears that Petitioner may incorrectly conclude that the Report and Recommendation is a final disposition and he therefore seeks relief pertaining to the final judgment. There is no basis for such relief because the Court has not entered a final disposition in this case. In any event, these motions or requests for relief essentially reargue

---

[4] The Sixth Circuit docket report reflects that the *Edmonds* appeal was voluntarily dismissed on August 10, 2020.
[5] Petitioner will not be prejudiced by a stay given the length of time remaining on his prior 50-to-76-year sentence that he was serving when he committed the extortion (*see* R&R, ECF No. 24 at PageID.1611).

Petitioner's habeas claims or attempt to obtain relief on an improper or expanded basis and are properly denied as follows.

Petitioner has filed a Notice of Appeal, docketed as an appeal of the Magistrate Judge's Order denying Petitioner's motion for reconsideration of the Report and Recommendation (ECF No. 29). Any formal appeal of this case is premature absent a final disposition (*see* ECF No. 29-1), and to the extent Petitioner's Notice of Appeal can be construed as an appeal of the Magistrate Judge's denial of Petitioner's Motion for Reconsideration of the Report and Recommendation, the Notice essentially circumvents the proper procedure for objecting to the Report and Recommendation (*see* "Notice to Parties," ECF No. 24 at PageID.1636 and cited authority). Petitioner's appeal is denied.

Petitioner's additional "motions" likewise lack any proper basis for relief. Petitioner has filed a Motion to Vacate Conviction and Sentence/and Unconditional Writ Motion Vacating Conviction (ECF No. 28). Petitioner previously filed a similar Motion to Vacate or Set Aside Conviction and Sentence (ECF No. 17), which the Magistrate Judge denied, stating:

> Petitioner now requests that the Court vacate his extortion conviction and set aside his accompanying sentence. Having already filed a petition for writ of habeas corpus, the present motion is unnecessary. Moreover, to the extent Petitioner is attempting to assert in the present motion additional claims for relief, such is denied as Petitioner has not demonstrated that he should be permitted to amend his habeas petition.

(ECF No. 19). Petitioner's current motion is properly denied for the same reasons.

Finally, in Petitioner's additional, recent "Unconditional Writ of Habeas Corpus Unconditional Writ Vacating Conviction," docketed as a motion (ECF No. 30), Petitioner complains that the state court has failed to resentence him within 120 days of the Report and Recommendation, demonstrating an absence of state corrective process. As noted above, Petitioner is not entitled to relief on the basis of the Report and Recommendation. Moreover, in

accordance with this Opinion and Order, the Court determines that the final disposition of Petitioner's *Alleyne* sentencing claim is properly stayed pending the Sixth Circuit's decision concerning the proper remedy. Therefore, this motion is denied.

### III. Certificate of Appealability

The Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

To the extent the Court has rejected Petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. Upon review, as recommended by the Magistrate Judge, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's asserted claims debatable or wrong. A certificate of appealability will therefore be denied as to the issues decided, except for Petitioner's *Alleyne* sentencing claim, the disposition of which is stayed to determine the appropriate remedy, i.e., whether Petitioner is entitled to a *Crosby* remand or a full resentencing. As further recommended by the Magistrate Judge, to the extent the Court has concluded that Petitioner failed to demonstrate that he is in custody in violation of the constitution and failed to make a substantial showing of a denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous.

Accordingly:

**IT IS HEREBY ORDERED** that Respondent's Objections (ECF No. 25) are GRANTED IN PART to the extent the Court stays the remand to the state court pending the Sixth Circuit's resolution of the proper remedy for an *Alleyne* sentencing violation; the Objections are otherwise DENIED, and the Report and Recommendation of the Magistrate Judge (ECF No. 24) is APPROVED and ADOPTED as the Opinion of the Court except as noted herein.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED with respect to all claims except Petitioner's *Alleyne* sentencing claim, for the reasons stated in the Report and Recommendation; the Court grants Petitioner habeas relief as to his *Alleyne* sentencing claim, but further disposition of that sentencing claim is STAYED in light of the Sixth Circuit Court of Appeals' pending decision regarding the proper remedy as stated herein.

**IT IS FURTHER ORDERED** that Petitioner's "Motion to Vacate Conviction and Sentence/and Unconditional Writ Motion Vacating Conviction" (ECF No. 28), Petitioner's appeal (ECF No. 29), and Petitioner's "Unconditional Writ of Habeas Corpus Unconditional Writ Vacating Conviction" (ECF No. 30) are DENIED.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted with the exception of Petitioner's *Alleyne* sentencing claim, the disposition of which is stayed in accordance with this Order; the certificate of appealability determination as to the *Alleyne* sentencing claim will be made at the time of the Court's final disposition.

**IT IS FURTHER ORDERED** that this Court does not certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

**IT IS FURTHER ORDERED** that this case is STAYED and ADMINISTRATIVELY CLOSED pending Respondent's filing required below or further order of the Court.  This closing

is for administrative purposes only and does not constitute a decision on the merits.

**IT IS FURTHER ORDERED** that within fourteen (14) days of the Sixth Circuit's decision of the resentencing matter in any of three cases pending on appeal, *Morrell v. Burton*, No. 20-1238 (6th Cir. 2020); *Thompson v. Winn*, No. 20-1448 (6th Cir. 2020); and *Kennedy v. Jackson*, No. 20-1752 (2020), Respondent shall file a Notice or other appropriate filing, advising the Court of the decision, and setting forth further argument and recommended actions for reopening this case, resolving the matter of resentencing, and entry of a judgment in this case.

Dated: January 7, 2021                                /s/ Janet T. Neff
                                                      JANET T. NEFF
                                                      United States District Judge